### BOARD OF EDUCATION OF CITY OF MUSKOGEE v. VALEUR.

No. 9200—Opinion Filed Oct. 8, 1918.

(175 Pac. 552.)

(Syllabus.)

1. Officers—Action for Salary—Defense of Abandonment—Proof.

Where, in defense of an action brought by plaintiff to recover salary alleged to be due him, it is urged that plaintiff had abandoned his position, proof of abandonment must be clear, unequivocal, and decisive.

2. **Schools and School Districts—Action for Salary—Directed Verdict—Evidence.**

Evidence examined, and held, that the court was right in instructing a verdict for plaintiff.

Error from District Court, Muskogee County; Chas. G. Watts, Judge.

Suit by Henry O. Valeur against the Board of Education of the City of Muskogee. Judgment for plaintiff, upon a directed verdict, and defendant brings error. Affirmed.

J. F. Brett, for plaintiff in error.

J. E. Wyand and B. Broaddus, for defendant in error.

HARDY, J. Henry O. Valeur, who will be referred to as plaintiff, brought suit against the board of education of the city of Muskogee, who will be referred to as defendant, to recover the sum of $75 alleged to be due him as salary from August 1, to August 15, 1915. At the close of the evidence verdict was instructed in plaintiff's favor, and error is assigned on this action.

The only question urged is the sufficiency of the evidence to raise an issue for the determination of the jury. It is admitted that plaintiff was employed by the board of education at a salary of $150 per month, and that on July 31st a resolution was adopted that his services be dispensed with on August 15th. Plaintiff testified that he was working under certain printed rules of the defendant defining his duties, and that he continued to perform these duties until August 15th; that when the resolution to dispense with his services was adopted he took certain private belongings and moved them out of the room occupied by him as an office into an adjoining room, leaving all of the furniture, records, and property of the board of education in the room vacated; and that he continued to perform his duties during all of the 15 days. The evidence on behalf of the defendant was that plaintiff vacated the room occupied by him as an office, taking therefrom certain property, and leaving therein a table, a bookcase, some records, and a little pile of junk, locking the doors between the two rooms. The witness Baker, who succeeded plaintiff, testified that he started to work on August 12th, and visited a part of the buildings during the ensuing 3 days, and that he did not see plaintiff performing any of the duties during that time. This is practically all of the evidence upon this issue.

The court was right in instructing a verdict. There was no evidence reasonably tending to show that plaintiff abandoned his office or failed to perform the duties thereof. The keys to the buildings of the school district were retained by plaintiff until the 17th day of August and were not demanded of him until that time, thus indicating that the board of education did not think at the time that the duties of the office were being neglected or that plaintiff had abandoned his position. The burden of proof was upon defendant to show that plaintiff had abandoned his contract, and this must appear by clear, unequivocal, and decisive evidence showing an intention upon the part of plaintiff to terminate the relation between him and defendant and to renounce the compensation attached to the place. 1 C. J. 7. The only evidence offered to show abandonment was the fact that plaintiff had removed certain private belongings from the room occupied by him as his office, and that he was not seen at two of the buildings which required his attention during the period from the 12th of August to the 15th of that month. These facts are wholly insufficient to show an abandonment of the office, and in view of the positive evidence that the usual duties of the office were performed by plaintiff during that time, the court was justified in instructing a verdict in plaintiff's favor.

The judgment is therefore affirmed.